ROD S. BERMAN (SBN. 105444)
BRIAN W. KASELL (SBN. 143776)
BRIAN M. YATES (SBN. 241798)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone.: (310) 203-8080
Facsimile: (310) 203-0567
rxb@jmbm.com
bwk@jmbm.com
bmy@jmb.com

Attorneys for Plaintiff
Premium Denim, LLC

NORMAN H. LEVINE (SBN 061884)
CAMBRA E. SKLARZ (SBN 235530)
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Facsimile : 310.553.0687
nlevine@ggfirm.com
csklarz@ggfirm.com

Attorneys for Defendants
Costco Wholesale Corporation
and National Clothing Company, Inc.,
dba National Distributors

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIUM DENIM, LLC d/b/a PAIGE PREMIUM DENIM, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 - 10,<br><br>Defendants. | Case No. 07 CV 07017 AHM (VBKx)<br><br>**STIPULATED PROTECTIVE ORDER RE SUPPLIER INFORMATION**<br><br>DISCOVERY MATTER<br><br>Hon. Victor B. Kenton |

71825-00198/1635664.1

1. The Court, having considered the Stipulation For Entry of Protective Order Regarding Supplier Information submitted by and between Plaintiff Premium Denim, LLC ("Plaintiff") and Defendants Costco Wholesale Corp. and National Clothing Company, Inc. ("Defendants"), through their respective counsel of record, good cause appearing therefore, hereby orders as follows:

1. The purpose of this Stipulation is to preserve the confidentiality of certain information which Defendants will produce to Plaintiff pursuant to the Court's April 29, 2008 Order (the "Order").  Specifically, Defendants will produce all invoices reflecting their purchases of Plaintiff's merchandise for the period October 29, 2006 through April 29, 2008, and all invoices in their possession showing the chain of sales of such merchandise from Plaintiff to the persons or entities which sold such merchandise to Defendants.  (Such documents and information derived from it shall be referred to herein as "Supplier Information").  Defendants contend that the Supplier Information is proprietary and a trade secret. In order to preserve the confidentiality of this information, the parties are entering into this stipulation and requesting that the Court issue a protective order in conformity with the terms set forth herein.  Specifically, the parties hereby stipulate and agree as follows:

2. Defendants shall mark each page of the Supplier Information as "Confidential Pursuant to Protective Order re Supplier Information."  The Supplier Information shall be used only in connection with Plaintiff prosecuting its claims against Defendants in this action, and for no other purpose.

3. Unless otherwise directed by further Order of the Court or agreement of the parties, no Supplier Information shall be shown or disclosed to anyone other than Plaintiff's counsel of record, Jeffer, Mangels, Butler & Marmaro LLP (including only those attorneys and employees who need to see such Confidential Information in order to perform their job), not more than one Consultant, as

GREENBERG GLUSKER FIELDS CLAMAN MACHTINGER & KINSELLA LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

defined in paragraph 4 hereof, the Court and any Court personnel who may have reason to see the Supplier Information in order to perform their function, and any court reporter(s) or videographer(s) present at any depositions at which Supplier Information is disclosed.

4. "Consultant" shall refer to one individual, retained by Plaintiff's counsel of record, who shall not be a present or former officer, member, employee, independent contractor of, or have a present or former contractual relationship with, Plaintiff, and shall not have a present or former family or personal relationship with any present or former officer, member, employee or independent contractor of Plaintiff or any of Plaintiff's officers, directors or shareholders. The Consultant shall agree in writing to abide by the terms of this Stipulation and Order before being given access to any Supplier Information. The original written agreement of such Consultant to abide by the terms of this Stipulation and Order shall be maintained by Plaintiff's counsel of record, and a copy thereof shall be provided to Defendants' counsel of record upon request. Under no circumstances shall the Consultant be allowed to retain any copy of any document containing Supplier Information.

5. Within five (5) court days of the entry of the Order on this Stipulation, Defendants' counsel of record shall produce to Plaintiff's counsel a copy of all documents comprising the Supplier Information for use by Plaintiff's counsel of record in making determinations relevant to Plaintiff's claims. Plaintiff's counsel of record shall not provide Plaintiff with any information as to the identity of any Supplier (as defined below), or information which might assist Plaintiff in determining such identity.

6. Except for depositions of Defendants or any of their officers, directors or employees, no Supplier Information shall be used during a deposition or shown to any deposition witness without further Order of Court or agreement of the parties. Those portions of any deposition transcript that disclose Supplier

3

71825-00198/1635664.1

1 Information may be designated by Defendants' counsel as confidential under the
2 Order entered on this Stipulation. Such designation must be made either at the
3 deposition or within ten (10) calendar days of the receipt of the deposition
4 transcript. Persons not permitted under the Order entered on this Stipulation to
5 have access to Supplier Information may be excluded from those portions of any
6 deposition at which Supplier Information is being disclosed or discussed.

7     7. As used herein, "Supplier" shall refer to any purchaser or seller, other
8 than Plaintiff, of Plaintiff's merchandise that was subsequently purchased by one
9 or both of the defendants.

10     8. In the event that any motion, pleading or other court document is filed
11 that identifies any Supplier or includes Supplier Information that would allow
12 Plaintiff to identify any Supplier (*e.g.*, dates or quantities of sales), said motion,
13 pleading or other court document shall be governed by the terms of this Stipulation
14 and Order, shall be submitted to the court with an application for filing under seal
15 in accordance with Central District Local Rule 79-5.1, and shall state on its face
16 that the motion, pleading or other court document is sought to be filed under seal
17 pursuant to the terms of this Stipulation and Order. Notwithstanding any other
18 provision hereof, any party may refer to Supplier Information in a document filed
19 with the Court, and such document need not be filed under seal as long as no
20 information identifying any Supplier, and no information that would enable
21 Plaintiff or any third-party to identify any Supplier, is set forth therein.

22     9. Any depositions, motions, pleadings or other court documents that are
23 sought to be filed under seal under the terms hereof shall be submitted in a sealed
24 envelope marked on the outside with the title of the action, an identification of
25 each document within the envelope, and a statement substantially in the following
26 form:

27     "Confidential - Subject to Protective Order Issued by the Court. This
28     envelope (or container) containing the above-identified papers filed by

**GREENBERG GLUSKER FIELDS CLAMAN MACHTINGER & KINSELLA LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

4

71825-00198/1635664.1

1  (name of party) is not to be opened or the contents thereof displayed
2  or revealed except by Court order or by agreement of the parties.
3  Documents so labeled shall be kept by the Clerk of the Court under seal and
4  shall be made available only to the Court or to persons authorized by the terms of
5  this Order to have access thereto.
6  10.   Nothing contained herein shall prevent Defendants from using or
7  disclosing Supplier Information without having to comply with the terms of this
8  Order.
9  11.   At the conclusion of this action, all Supplier Information, and all
10  documents which contain or reflect such information, except pleadings and
11  attorney work-product, shall, upon the written request of Defendants' counsel, be,
12  at the choice of Plaintiff's counsel, either delivered to Defendant's counsel or
13  destroyed.  As for pleadings and attorney work-product, Plaintiff's counsel shall
14  permanently redact all Supplier Information from all copies of such documents.
15  12.   This Stipulation and Order shall be without prejudice to the right of
16  any party to apply to the Court for additional or different protection, or for removal
17  of protection, relating to the Supplier Information or other documents or
18  information.
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

5

13. The Stipulation and Order shall remain in effect until another order modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court.

IT IS SO ORDERED.

Dated: June 12, 2008 _____    _____/s/_____
                                    UNITED STATES DISTRICT COURT
                                    MAGISTRATE JUDGE

Submitted on June 9, 2008 by:
JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN
BRIAN W. KASELL


By: _____
        BRIAN W. KASELL
Attorneys for Plaintiff Premium Denim, LLC

GREENBERG GLUSKER FIELDS CLAMAN
MACHTINGER & KINSELLA LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

6

71825-00198/1635664.1